UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**PATRICK JAMES ROWE**  PLAINTIFF

v.  CIVIL ACTION NO. 4:16-CV-P39-JHM

**DEPUTY JACOB WARD** *et al.*  DEFENDANTS

<u>**MEMORANDUM OPINION**</u>

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF COMPLAINT**

Plaintiff Patrick James Rowe, who is currently incarcerated at the Daviess County Detention Center (DCDC), brings this action against five DCDC deputies. Plaintiff states that he is bringing this action because on March 5, 2016, he "was placed in isolation for a drug test that was given to me by Daviess County Detention Center." Plaintiff alleges that 15 drug tests were given to various inmates between 9:30 a.m. and 1:00 p.m on this date. He further states that all the tests were "placed on top of the fingerprinting machine and left unattended for about 2 hours and another inmate was moving the test around and was pouring urine out of one of them this was all on camera."

Plaintiff alleges that Defendants Elschide and Bennett told him he had a "dirty drug test" and that he requested to be re-tested or have the test sent to a lab but that these requests were both denied. Plaintiff alleges that Defendant Elschide then told him that if he did not "cooperate," he would be charged with "promoting contraband, possession, and pfo" and that

Defendant Elschide "filled out a citation on [Plaintiff]" but never gave him a copy. Plaintiff alleges that Defendants Elschide and Bennett then placed him in a cell "behind booking" but "put everyone else in [a] pod . . . where they could come out 1 hour a day and make attorney calls." He states that he was not "allowed to use the phone or nothing for 1 week."

After that time, Plaintiff alleges that Defendant Teasley "moved [him] into the hole with everyone else" even though Plaintiff told Defendant Teasley that "[he] would have problems back there." Plaintiff states that he stayed "back there" for about one week but that he was being "threatened" so he "came up front and told [Defendant] Teasley and [Defendant Teasley] put him in suicide." Plaintiff contends that he was "released by the nurse five days before Defendant Jones move me knowing I couldn't go back to isolation."

Plaintiff states that he was also denied his "sugar check" by Defendant Ward and another DCDC official and that he has "filed conflicts that have been nothing done about."

As relief, Plaintiff seeks monetary and punitive damages and release on parole.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a § 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Fourteenth Amendment

Plaintiff's central allegation is that he was wrongly placed in isolation for failing a drug test.  Plaintiff seems to claim that he should have been able to request that his urine sample either be re-tested or that his sample be sent to a "lab" before being punished for a "dirty drug test."  Plaintiff also alleges that while he was in isolation he was not allowed to use the phone for one week.  The Court construes these allegations as a claim that Defendants have violated Plaintiff's right to due process under the Fourteenth Amendment.

To state a Fourteenth Amendment due process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause.  Generally, no liberty interest in remaining free from disciplinary segregation will be found.  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Indeed, the Supreme Court has held that it is necessary to provide due process to an inmate in only two instances in which a prisoner may claim a constitutionally protected liberty interest that is protected by due process:  (1) when the inmate's terms of imprisonment are altered, and (2) when a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

Here, Plaintiff does not allege that the length of his sentence has been altered.  Thus, he must demonstrate that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" in order to establish that he has been deprived of a liberty interest, which, in turn, would require that he receive due process.  *Id*.  Comparing Plaintiff's

4

placement in "isolation" with decisions from other courts, the Court finds that his isolation does not constitute an "atypical and significant hardship" under the *Sandin* analysis.[1] *Id.* at 286 (finding that Sandin's placement in disciplinary confinement for thirty days did not work a major disruption in his environment); *Ford v. Harvey*, 106 F. App'x 397 (6th Cir. 2004) (state prisoner's placement in disciplinary confinement did not implicate a liberty interest entitled to due process protection, where it was neither accompanied by loss of good time credits nor lasted for a significant period of time causing an unusual hardship on prisoner); *Wilson v. Wellman*, No. 99-2377, 2000 U.S. App. LEXIS 31934 (6th Cir. Dec. 6, 2000) (Plaintiff did not suffer the loss of good-time credits or any other action affecting the duration of his sentence; no due process claim because disciplinary segregation did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life).

Furthermore, Plaintiff's loss of phone privileges for one week is also not an "atypical and significant hardship" under the *Sandin* analysis. An inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life. *Sandin*, 515 U.S. at 485. The further restriction of these privileges for a short period of time is not an "atypical and significant hardship" under the *Sandin* analysis, and is a type of discipline that should be expected by a prisoner as an incident to his criminal sentence. *Id.* Thus, Plaintiff does not have a liberty interest in phone privileges to which due process can attach. *See*, *e.g.*, *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (prisoner "has no right to unlimited telephone use"); *Smith v. Veach*, No. 06-1101, 2006 U.S. Dist. LEXIS 75744, at *10 (C.D. Ill.

---

[1] Although it is not clear from Plaintiff's complaint how long he was in "isolation" and/or or disciplinary segregation, Plaintiff uses the past tense in his complaint. Because Plaintiff's complaint was filed on April 13, 2016, and he states therein that he was placed in isolation as a result of a "dirty drug test" on March 15, 2016, the Court concludes that Plaintiff was in "isolation" and/or disciplinary segregation for less than one month.

5

Oct. 18, 2016) (stating that "the court knows of no constitutional right of an inmate in disciplinary segregation to use the phone for any reason"); *Walker v. Loman*, No. 2:06-cv-00896-WKW (WO), 2006 U.S. Dist. LEXIS 83680 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of store, telephone and visitation privileges, did not result in the deprivation of a liberty interest).

Thus, the Court finds that Plaintiff has failed to state a claim under the Fourteenth Amendment.

### B. Eighth Amendment

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates" in their care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). In order to establish liability under the Eighth Amendment, Plaintiff must demonstrate that Defendants were deliberately indifferent to "a substantial risk of serious harm." *Farmer*, 511 U.S. at 828; *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). "To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the 'risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Bowles*, 361 F.3d at 294.

#### 1. Deliberate Indifference to Safety

In his complaint, Plaintiff alleges that he was "threatened" by other inmates with whom he was placed in segregation and that DCDC officials were indifferent to these threats. He also alleges that he has "filed conflicts that have been nothing done about."

With respect to the alleged threats of harm by other inmates, while prison officials have an obligation to protect prisoners from injury by other inmates, Plaintiff has not shown that any

6

alleged failure to take the threats seriously resulted in physical harm to him or that the threat of harm is ongoing at this point. In order to state a claim for damages based on a violation of his rights under the Eighth Amendment, Plaintiff must allege that he suffered some physical injury. *See, e.g.*, *Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004) ("[A]n inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment."); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (affirming dismissal of claim for damages based on threats that did not result in physical harm). And while Plaintiff would not necessarily need to show actual harm in order to be entitled to injunctive relief, Plaintiff must allege that he is still in danger, and this he has not done. *See Wilson*, 148 F.3d at 600 (affirming dismissal of a claim for injunctive relief where the plaintiff did not allege that he remained in danger). Here, Plaintiff indicates that, when he reported being threatened, he was moved to another part of the jail. In addition, his complaint that "nothing has been done" about "conflicts" fails to include any facts from which a finding of plausibility can be inferred. The Court therefore finds that Plaintiff has failed to state a claim based on the prison officials' deliberate indifference to his safety.

### 2. Deliberate Indifference to a Serious Medical Need

Plaintiff also alleges that he was denied "sugar checks" by some of the Defendants. Although Plaintiff does not state that he has diabetes, the Court construes this allegation as implying that he has such and that Defendants have been deliberately indifferent to this medical need. Courts have regularly held that diabetes constitutes an "objectively serious medical need." *See, e.g.*, *Lolli v. County of Orange*, 352 F.3d 410, 419 (9th Cir. 2003); *Bales v. Turner*, No. 3:15CV1677, 2016 U.S. Dist. LEXIS 41930, at *4 (N.D. Ohio Mar. 29, 2016); *Copelton v. Corr. Corp. of Am.*, No. CV 09-00019-GF-SHE-RKS, 2009 U.S. Dist. LEXIS 109877, at *10 (D.C. Mont. Oct. 21, 2009). However, Plaintiff has also failed to allege that he suffered any

7

harm as a result of his failure to receive "sugar checks." Thus, the Court holds that Plaintiff has failed to state a claim upon which relief may be granted for deliberate indifference to a serious medical need.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate Order for failure to state a claim upon which relief may be granted.

Date: July 12, 2016

                                                  **Joseph H. McKinley, Jr., Chief Judge**
                                                    United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011

8